# Walker *v.* Quaker City Cab Company, Appellant.

*Negligence—Automobiles — Collision — Agency — Unauthorized use of automobile—Case for jury.*

In an action for damages to plaintiff's automobile, resulting from collision with the defendant's taxicab, the case is for the jury and a verdict for the plaintiff will be sustained, where there was evidence that the accident was caused by the negligence of the defendant.

It was also proper to submit to the jury whether or not the plaintiff's chauffeur was acting in the scope of his employment when the collision occurred.

Argued October 13, 1920. Appeal, No. 248, Oct. T., 1920, by defendant, from judgment of C. P. No. 2, Phila. Co., June T., 1918, No. 5344, on verdict for plaintiff in the case of Robert B. Walker v. Quaker City Cab Com-

pany. Before ORLADY, P. J., HENDERSON, TREXLER, KELLER and LINN, JJ. Affirmed.

Trespass to recover damages for injuries to automobile. Before BARRATT, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff for $488.89. A remittitur of $60.89 was filed by the plaintiff and judgment entered in the amount of $428. Defendant appealed.

*Error assigned,* among others, was refusal of defendant's motion for judgment non obstante veredicto.

*Charles F. DaCosta,* for appellant.

*Otto Kraus, Jr.,* for appellee.

OPINION BY LINN, J., March 5, 1921:

This suit grew out of a collision by two automobiles at Broad street and Girard avenue in the City of Philadelphia. The verdict establishes (1) the negligence of defendant's driver, and, (2) on the theory on which the case was tried that plaintiff's driver was not acting within the scope of his employment. Defendant put in no testimony.

Plaintiff is a physician whose regular driver was not on duty when the accident occurred. The man, Schuler, who then drove plaintiff's car, was one of his patients, who, as the doctor testified "had detained me in the office past my appointment, and so to make up the time, he volunteered to drive me to my destination." Having done that, he took the plaintiff to the Hotel Majestic at the northeast corner of Broad street and Girard avenue, where the plaintiff got out, informed Schuler that he would walk home, and instructed him to take the car to the garage where it was kept at 18th street and Fairmount avenue, about six squares west and four squares

south of the Hotel Majestic. Schuler was a licensed driver. He had never driven for the doctor before, who in response to the question, "Q. What did you pay him that night?" said, "A. I paid him in medical service."

Schuler testified that instead of going to the garage as directed, he "went north on Broad street to Stiles, and went on Stiles and stopped on Stiles street for a few moments, proceeding south. Q. Did you take anybody on board on Stiles street? A. Yes, sir, I took a passenger on board and proceeded south on 15th to Girard avenue and east on Girard avenue. At Broad and Girard avenue I slackened down. Q. Where were you going? A. I was going to take this party to the 13th street trolley." The collision occurred while he was passing from the west side of Broad street to the middle of the street.

Defendant's taxicab had been approaching from the east on Girard avenue and had turned into Broad street for the purpose of going south on that street. On arriving in Broad street it cut diagonally across toward the southwest corner of Broad and Girard avenue, instead of continuing on the north side of Girard avenue until within the west half of Broad street and then turning south. The accident happened about 11:15 p. m.

1. As there was evidence to justify the jury in concluding that defendant's driver was negligent, we must overrule the assignments of error complaining of the refusal to direct a verdict, or subsequently to enter judgment non obstante veredicto.

2. From the part of the charge quoted in the third assignment, the learned counsel for appellant asks us to conclude that the jury was not permitted to find whether or not Schuler was acting within the scope of his employment by plaintiff. We have indicated what the character of Schuler's temporary employment was shown to be and what instructions he received. It is clear that the jury could find that he disobeyed the instructions, deviated from the route to the garage, and without any conceivable benefit to plaintiff, not in plaintiff's interest

or employment, but wholly for Schuler's own purposes, used the car to take up a passenger for the purpose of carrying him to the 13th street trolley.  The jury was instructed that if Schuler was "driving around with the acquiescence or consent of the plaintiff, then the plaintiff would be bound by the acts of Schuler, and if Schuler was negligent in respect of the accident, the plaintiff would be bound by Schuler's negligence, and could not recover if the accident occurred through negligence of the taxicab driver, to which Schuler contributed......" The jury was also told that "If, on the other hand, you believe and find as a fact that Schuler was instructed by the plaintiff to proceed forthwith to the garage with the automobile, and that Schuler disregarded and disobeyed this instruction and continued to run the car for his own purpose, no longer in the employ of the plaintiff· or acting upon his business, and then met with the collision because of want of care upon his part, then the plaintiff would be entitled to recover if you find also as a fact that the chauffeur of the defendant Cab Company also was negligent......"  On the same subject the defendant had presented the following point for charge: "If you believe that the chauffeur driving the plaintiff's car was in the employ of the plaintiff, and was guilty of some negligence, contributing to the happening of the accident, your verdict must be for the defendant."  The court answered it by saying, "I affirm that point, referring you to my general charge for its amplification." We understand the effect of the foregoing quotations was to permit the jury to find whether or not Schuler's use of the car was within the scope of the employment; it was unnecessary to use the words "scope of employment"; the jury could not have misunderstood its duty. Moreover we observe that in this connection the learned trial judge said to the jury "If you do not understand this, and will indicate that you do not, I will go over it again."  No desire for additional instruction was indicated.  This assignment is overruled.

The second assignment is to part of the charge, which, taken with the remainder of the paragraph of which it is part and which is not assigned for error, did no harm to defendant. In stating the facts to the jury the learned president judge said: "The chauffeur of the plaintiff's automobile had come east on Girard avenue on the right-hand side, and was crossing Broad street, having reached a point, as he tells you, so near to this safety pole as to have gotten beyond the part of the road that any vehicle that intended to go south upon Broad street from Girard avenue would travel, if it was being driven in accordance with the traffic regulations. In other words, it seems that the traffic regulation for that kind of a manœuvre is that the automobile that intends to turn in that way should go to the west side of Broad street before turning south; and the contention of the plaintiff is that this taxicab, instead of going to the west half of Broad street before turning, improperly and negligently made the turn on the east side of the west half of Broad street." So much is assigned for error. But the court continued: "Well, gentlemen, this is for you. If you believe that the turn was actually made by the taxicab in the way described by Schuler, the driver of the plaintiff's automobile, and that that was a negligent and improper turn, then you would reach the next question for your consideration. However, if you believe that the taxicab did not make such a turn, or, if it did, that it was not a negligent turn, then the plaintiff cannot recover, because, as I have heretofore said to you, if the taxicab driver was not negligent, the plaintiff is not entitled to recover and your verdict will have to be for the defendant." The criticism is now made that there was no proof of traffic regulations. Counsel for appellant contends that by the phrase the court referred to the following testimony: Schuler was asked, "What is the usual custom of turning there?" and answered "The usual custom is to go to the west side of the street and turn with the traffic." A policeman was asked: "Q.

What is the custom in turning south on Broad street? A. From Girard avenue? Q. Yes. A. Well, it is customary to make as square a turn as possible. That is the custom. Of course you know often it is taken advantage of and they don't do it. The custom is for a man to come straight across Broad street until he comes on the west side into the southbound traffic, and make a square cut across the car tracks and go down south on the west side of Broad. By Mr. Da Costa: Q. And at that hour of the night this custom is more violated than observed, isn't it? A. Oh, yes, I suppose so." Under the circumstances, we need not determine to what the phrase referred. At the end of the charge the judge said to counsel "Have I made any misstatement of fact or error of law that you desire to have me correct before the jury leave the box?" Instead of suggesting that the words "traffic regulation" were used in a sense not warranted by the evidence, the learned counsel for the defendant merely asked for an exception "also to that part of the charge which sets forth about negligence in violation of traffic regulations, supposed to exist at that point." We cannot sustain the assignment. Appellant cannot justly complain of the charge. Not only would the negligent defendant be liable though the jury found that Schuler was negligent while acting outside the scope of his employment and for his own purposes, but it would be liable if the accident occurred while he was acting for his employer but without contributory negligence, a possible view of the evidence not submitted to the jury.

The judgment is affirmed.